# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**TERRY R. HAGER,**
**Claimant Below, Petitioner**

**FILED**

October 10, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs.) No. 17-0160 (BOR Appeal No. 2051495)
             (Claim No. 2015016827)

**SEARS ROEBUCK AND COMPANY,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry R. Hager, by Reginald Henry his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Sears Roebuck and Company, by Jeffrey Carder and Jeffrey Brannon its attorneys, filed a timely response.

The issue presented in the instant appeal is the rejection of Mr. Hager's application for workers' compensation benefits. On February 12, 2015, the claims administrator rejected the claim. The Office of Judges affirmed the claims administrator's decision on August 8, 2016. This appeal arises from the Board of Review's Final Order dated January 20, 2017, in which the Board affirmed the Order of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hager alleges that he injured his left shoulder and thoracic spine in the course of and resulting from his employment with Sears Roebuck and Company. On December 15, 2014, an investigation report was prepared by Sears and Roebuck Company. The report indicates that Mr. Hager reported sustaining an injury to his thoracic spine and left shoulder while pulling merchandise on May 1, 2014. Also on December 15, 2014, a handwritten injury report was completed in which it appears that Mr. Hager alleges injuring his thoracic spine and left shoulder

1

while lifting a washing machine. A specific date of injury was not listed, but the report indicates that the injury was reported in January of 2014.

On January 9, 2015, Mr. Hager sought treatment with Jack Steel, M.D. Dr. Steel's treatment note indicates that Mr. Hager reported experiencing left shoulder pain following repeated lifting on May 1, 2014. Mr. Hager and Dr. Steel completed a Report of Injury in which Mr. Hager indicated that he injured his left shoulder and thoracic spine on May 1, 2014, while lifting heavy objects. In the physician's portion of the Report of Injury, Dr. Steel indicated that Mr. Hager developed an occupational disease of the left shoulder and listed his diagnoses as subacromial bursitis, impingement syndrome, and a rotator cuff sprain.

On January 27, 2015, Mr. Hager sought treatment in the emergency department of St. Mary's Medical Center for chronic back and shoulder pain. The treatment notes indicate that Mr. Hager requested that a healthcare provider complete a Report of Injury for the May 1, 2014, injury and order an MRI. Mr. Hager was informed that a Report of Injury could not be completed because there was no evidence of an acute injury. However, he was referred for further evaluation. Additionally, x-rays were performed which revealed multilevel degenerative changes in the thoracic spine.

On February 3, 2015, Mr. Hager participated in a recorded interview with a representative of the claims administrator. Mr. Hager stated that he injured his left shoulder and back on May 1, 2014, when he was struck by falling merchandise while unloading a truck. The claims administrator rejected Mr. Hager's claim for workers' compensation benefits on February 12, 2015.

On January 14, 2016, Mr. Hager testified in a hearing before the Office of Judges. He testified that he injured his back and left shoulder while lifting a washing machine on May 1, 2014. When asked to explain his prior recorded statement in which he indicated that he was injured when he was struck by falling merchandise, Mr. Hager indicated that he was referencing a prior workers' compensation claim in which his right shoulder was injured by falling merchandise. However, Mr. Hager was unable to provide a date of injury for the alleged right shoulder injury.

On January 18, 2016, Dr. Steel was deposed. He testified that he initially treated Mr. Hager for acromion bursitis, impingement syndrome, and a rotator cuff strain of the right shoulder in 2008. He then testified that on June 25, 2014, Mr. Hager returned for treatment amid complaints of progressively worsening right shoulder pain. Dr. Steel indicated that on June 25, 2014, he examined Mr. Hager's left shoulder for the purpose of comparison with the right shoulder. He then testified that the June 25, 2014, examination of Mr. Hager's left shoulder was negative. Further, Dr. Steel testified that Mr. Hager did not mention sustaining a left shoulder injury until January 9, 2015. Finally, Dr. Steel stated that Mr. Hager's current left shoulder complaints are similar to the ongoing right shoulder symptoms.

Marsha Lee Bailey, M.D., performed an independent medical evaluation on March 28, 2016. She noted that Mr. Hager reported injuring his thoracic spine while moving a washing

machine on May 1, 2014. However, Mr. Hager reported that his left shoulder symptoms gradually developed over time. Dr. Bailey then noted that Mr. Hager's medical records document several mechanisms of injury for the thoracic spine and left shoulder. She also reviewed Mr. Hager's job description and opined that she rejects his allegation that his left shoulder complaints arose from cumulative trauma. Dr. Bailey further opined that Mr. Hager's current complaints are attributable to personal medical conditions and are not work-related. Specifically, she noted that Mr. Hager has been diagnosed with several age-related conditions including impingement syndrome of both shoulders, bursitis of both shoulders, and degenerative changes in the thoracic spine.

In its Order affirming the February 12, 2015, claims administrator's decision, the Office of Judges held that Mr. Hager failed to demonstrate that he sustained a compensable injury in the course of and resulting from his employment. Additionally, the Office of Judges found that Mr. Hager's application for workers' compensation benefits was untimely filed. The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated January 20, 2017. On appeal, Mr. Hager asserts that the evidence of record clearly demonstrates that he sustained compensable injuries to his left shoulder and thoracic spine in the course of and resulting from his employment.

The Office of Judges found that the evidence of record contains conflicting accounts regarding the circumstances of the alleged left shoulder and thoracic spine injuries. Specifically, the Office of Judges noted that the reports dated December 15, 2014, contain conflicting dates of injury. Additionally, the Office of Judges noted that in his February 3, 2015, recorded interview, Mr. Hager alleges that he was injured by falling merchandise while unloading a truck, while in the remainder of the record he maintains that he was injured while lifting a washing machine. The Office of Judges further noted that Dr. Steel testified that when he examined Mr. Hager approximately six weeks after the alleged date of injury, Mr. Hager did not express any left shoulder complaints and his left shoulder examination was unremarkable.

Moreover, the Office of Judges determined that Mr. Hager's claim for workers' compensation benefits was untimely filed. The Office of Judges looked to West Virginia Code § 23-4-15(a) (2010), which provides that claims for workers' compensation benefits must be filed within six months of the date of injury. The Office of Judges found that Mr. Hager initiated a claim for workers' compensation benefits on December 30, 2014, which is more than six months after the alleged May 1, 2014, injury and, therefore, Mr. Hager's claim was filed outside the statutorily prescribed time frame. We agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  October 10, 2017**


**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker